UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL TAYLOR BUTTON; DUSTY BUTTON,<br><br>                             Plaintiffs,<br><br>   v.<br><br>CRAIG LOPRESTI,<br><br>                             Defendant. | Case No.: 25-cv-867-DMS-DDL<br><br>**ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS; GRANTING APPLICATION TO ELECTRONICALLY FILE CASE DOCUMENTS; DISMISSING AS MOOT REQUEST FOR CLERK TO ISSUE SUMMONS ON COMPLAINT AND MOTION TO CLARIFY AND FOR ISSUANCE OF SUMMONS** |

   Pending before the Court are Plaintiffs' motions for leave to proceed *in forma pauperis*, (M. Button IFP Motion, ECF No. 2); (D. Button IFP Motion, ECF No. 3), application to electronically file case documents (ECF No. 4); request for clerk to issue summons on complaint (ECF No. 5); and motion to clarify and for issuance of summons. (ECF No. 12). Plaintiffs are proceeding pro se. For the foregoing reasons, the Court **GRANTS** Plaintiffs' IFP Motions and application to electronically file case documents. Plaintiffs' request for clerk to issue summons on complaint and motion to clarify and for issuance of summons are **DISMISSED** as moot.

I.     DISCUSSION

**A. Motions For Leave to Proceed In Forma Pauperis.**

In accordance with 28 U.S.C. § 1915 and Civil Local Rule 3.2, any action sought to be filed *in forma pauperis* ("IFP") "must be accompanied by an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security." Civil Local Rule 3.2.

Plaintiff Mitchell Button's motion indicates that he receives no monthly income as he is currently unemployed. (M. Button IFP Motion, at 1). He reports no net assets. (*Id.* at 2). Plaintiff Mitchell Button estimates $500 in monthly expenses. (*Id.* at 2). He also indicates hundreds of thousands of dollars of debt. (*Id.* at 4). Plaintiff Dusty Button's IFP Motion is otherwise identical to Plaintiff Mitchell Button's IFP Motion. (*See* D. Button IFP Motion). The Court finds that Plaintiffs cannot afford to pay the filing fee in this case and are eligible to proceed IFP pursuant to 28 U.S.C. § 1915(a). Accordingly, the Court grants Plaintiffs' IFP motions.

**B. Application for Permission for Electronic Filing**

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." Civ. L.R. 5.4(a). "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* Here, Plaintiffs have filed a motion demonstrating that they have the proper equipment to file electronically in accordance with Civil Local Rule 5.4(a) and the CM/ECF Administrative Policies and Procedures Manual. (ECF No. 4). Thus, the Court **GRANTS** Plaintiffs' application for permission for electronic filing.

**C. Sua Sponte Screening Under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(h)(3).**

Under 28 U.S.C. § 1915(e)(2), an IFP complaint must be screened by the Court. "The court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners") (per curiam).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court has an obligation "where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)), it may not "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

1. Factual Allegations

As alleged by Plaintiffs, this suit arises from Defendant's comments made following a civil 2021 lawsuit involving Plaintiffs.[1] In July 2021, Plaintiffs were sued in the District of Nevada for approximately $131,000,000. (Complaint, ECF No. 1 ¶ 4). The civil lawsuit garnered immense media attention. (*Id.* ¶ 5). Four years later, on January 6, 2025, Plaintiffs filed their motion for summary judgment in the District of Nevada case and distributed a redacted version of that motion on their Instagram page. (*Id.* ¶ 7). Defendant allegedly followed that page and runs a YouTube channel with nearly 230,000 subscribers and an Instagram page with nearly 150,000 followers. (*Id.* ¶¶ 7, 42–43). On January 27, 2025, Defendant posted onto his Instagram page that Plaintiffs "were 'locked up for some f*cked up stuff' and that it was a 'shame they weren't good people.'" (*Id.* ¶¶ 7–8, 44). Plaintiffs aver they have never been charged with a crime, nor have they ever been arrested. (*Id.* ¶ 46). In response to Defendant's Instagram posts, Plaintiffs replied to his post that they were indeed not "locked up" and that his statements were defamatory. (*Id.* ¶ 48). Defendant then blocked Plaintiffs on social media and deleted his posts. (*Id.* ¶ 49). Others were allegedly encouraged to spread Defendant's allegations about Plaintiffs as a result of Defendant's posts. (*Id.* ¶ 57).

Prior to the 2021 civil lawsuit, Plaintiffs and Defendant were competitors in the automotive industry. (*Id.* ¶ 11). However, following the 2021 civil lawsuit, Plaintiffs' brand fell into disarray and lost all its revenue streams. (*Id.* ¶ 37). Plaintiffs were in the process of rebuilding some of their brand and securing "prospective contractual agreements." (*Id.* ¶ 58). However, Defendant's statements disrupted those plans. (*Id.* ¶¶ 58–59, 61).

As a result of Defendant's statements, Plaintiffs now bring a suit for defamation per se and tortious interference with contract and prospective economic advantage. Plaintiffs

---

[1] Plaintiffs Mitchell and Dusty Button are citizens of South Carolina. (Complaint, ECF No. 1 ¶ 18). Defendant Craig Lopresti is a citizen of California who resides in San Diego. (*Id.* ¶ 41).

ultimately request general and punitive damages, reasonable costs and expenses, and other relief as the Court deems just and appropriate. (*Id.* at 15–16).

    2. Discussion

Having reviewed the complaint, the Court finds Plaintiffs' Defamation per se and tortious interference with contract and prospective economic advantage claims are sufficient to survive the "low threshold" set for *sua sponte* screening. *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121, 1123. *Balla v. Hall*, 59 Cal. App. 5th 652, 675 (2021) ("Defamation involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage. Libel is a type of defamation based on written or depicted communication. Public figures have the burden of proving both that the challenged statement is false, and that [defendant] acted with actual malice." (citation modified)); *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1133 (9th Cir. 2015) ("The elements of a [California] tortious interference with contract claim are: '(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional acts designed to induce breach or disruption of the contract; (4) actual breach or disruption; and (5) resulting damage.' A tortious interference with prospective economic advantage claim has the same elements (focusing instead on the existence and knowledge of a prospective economic relationship), but also requires that the defendant's conduct be 'wrongful by some legal measure other than the fact of interference itself.'" (first quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 825 (9th Cir. 2008); and then quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)).

Thus, because the Court finds Plaintiffs' claims against Defendant are "sufficient to warrant . . . an answer," *Wilhelm*, 680 F.3d at 1123, it will direct U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Plaintiffs' requests

for the Clerk of Court to issue summons on complaint and motion to clarify and for issuance of summons are hereby **DISMISSED** as moot. (ECF Nos. 5, 12).

## II. CONCLUSION

Based on the foregoing, the Court orders:

1. The United States Marshal shall serve a copy of the Complaint, summons, and this Order granting Plaintiffs' leave to proceed IFP upon Defendants as directed by Plaintiffs on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. Plaintiffs shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration to the Court. Plaintiffs shall include with the original paper to be filed with the Clerk of Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants or counsel for Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED**.

Dated: July 16, 2025

Hon. Dana M. Sabraw
United States District Judge