# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL TAYLOR BUTTON; DUSTY BUTTON,<br><br>                              Plaintiffs,<br><br>v.<br><br>CRAIG LOPRESTI,<br><br>                              Defendant. | Case No.: 25-cv-00867-DMS-BJW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR WAIVER OF PACER FEES WITHOUT PREJUDICE**<br><br>[ECF No. 27] |

Pending before the Court is Plaintiffs' motion to waive the fees associated with the Public Access to Court Electronic Records ("PACER") system. (Mot., ECF No. 27.) This matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court denies Plaintiffs' motion without prejudice.

"Indigent individuals, litigants and other people who cannot afford to pay PACER fees can request PACER fee exemptions from individual courts, upon a showing of cause." *Options to Access Records if You Cannot Afford PACER Fees*, Pub. Access to Ct. Electronic Recs., https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees. "A court will grant an exemption upon finding that the requesting party has demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information." *Id.*

Here, the Court previously granted Plaintiffs, proceeding pro se, leave to proceed in forma pauperis ("IFP"). (ECF No. 13.) Further, "Plaintiffs have no earned income and receive only means-tested public assistance, including SNAP and Medicaid." (Mot. 2.) However, "[e]xemption from PACER user fees are uncommon," and IFP status "alone does not support a request to waive PACER fees." *Katumbusi v. Gary*, No. 2:14-CV-1534, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014). Further, Plaintiffs are entitled to one free electronic copy of all documents filed electronically in their case. *Luehring v. Los Angeles Cnty.*, No. 2:21-CV-01426, 2021 WL 4533275, at *2 (C.D. Cal. Aug. 4, 2021). Plaintiffs contend that this "'one free look' feature does not consistently function, resulting in unavoidable PACER charges," (Mot. 3), but provide no explanation or documentation establishing how often this feature fails and how much in charges Plaintiffs have incurred. For these reasons and based on the current record, the Court cannot find that Plaintiffs have "been subject to an unreasonable burden in being charged fees," or that they have "justified the need for a waiver of PACER fees." *See Halousek v. Cal. Pub. Empls.' Ret. Sys.*, No. 2:23-CV-839, 2024 WL 3012348, at *2 (E.D. Cal. June 11, 2024). Accordingly, the Court **DENIES** Plaintiffs' motion for waiver of PACER fees **without prejudice**.

**IT IS SO ORDERED.**

Dated: January 16, 2026

Hon. Dana M. Sabraw
United States District Judge