

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

MITCHELL TAYLOR BUTTON;
DUSTY BUTTON,

Plaintiffs,

v.

CRAIG LOPRESTI,

Defendant.

Case No.:  25-cv-00867-DMS-BJW

**ORDER GRANTING PLAINTIFFS' MOTION FOR WAIVER OF PACER FEES**

**[ECF No. 31]**

17

18    Pending before the Court is Plaintiffs' renewed motion to waive the fees associated

19  with the Public Access to Court Electronic Records ("PACER") system.  (Mot., ECF No.

20  31.)  This matter is suitable for resolution without oral argument pursuant to Civil Local

21  Rule 7.1(d)(1).  For the following reasons, the Court grants Plaintiffs' motion.

22    "Indigent individuals, litigants and other people who cannot afford to pay PACER

23  fees can request PACER fee exemptions from individual courts, upon a showing of cause."

24  *Options to Access Records if You Cannot Afford PACER Fees*, Pub. Access to Ct.

25  Electronic  Recs.,  https://pacer.uscourts.gov/my-account-billing/billing/options-access-

26  records-if-you-cannot-afford-pacer-fees.  "A court will grant an exemption upon finding

27  that the requesting party has demonstrated that an exemption is necessary to avoid

28  unreasonable burdens and to promote public access to information."  *Id.*

1

1    Here, the Court previously granted Plaintiffs, proceeding pro se, leave to proceed in

2  forma pauperis ("IFP").  (ECF No. 13.)  However, IFP status "alone does not support a

3  request to waive PACER fees."  *Katumbusi v. Gary*, No. 2:14-CV-1534, 2014 WL

4  5698816, at *4 (E.D. Cal. Oct. 30, 2014).  Generally, parties are entitled to one free

5  electronic copy of all documents filed electronically in their case. *Luehring v. Los Angeles*

6  *Cnty.*, No. 2:21-CV-01426, 2021 WL 4533275, at *2 (C.D. Cal. Aug. 4, 2021).  Plaintiffs

7  contend, however, that they do not and have never received a "one free look" for any filing

8  in this matter.  (Mot. 4.)  According to Plaintiffs, a technical glitch stops their receipt of

9  the "one free look" notifications. (*Id.* at 2–4.)  Because of this error, Plaintiffs must pay to

10  access the filings for this matter. (*Id.* at 4.)  Most notably, Plaintiffs where charged $19.00

11  to access Defendant's 194-page motion to dismiss, which Plaintiffs could not afford.  (*Id.*;

12  *id.*, Decl. in Supp. of Mot., ¶ 8.)  Beyond this most recent charge, Plaintiffs incurred $24.30

13  in purchasing filings in this matter.  (*Id.*, Ex. B.)  For these reasons, the Court finds that

14  Plaintiffs sufficiently demonstrated that an exemption is necessary to avoid unreasonable

15  burdens and to promote public access to information.  Accordingly, the Court **GRANTS**

16  Plaintiffs' motion for waiver of PACER fees.

17    "[T]he exemption must be 'granted for a definite period of time, should be limited

18  in scope, and may be revoked at the discretion of the court granting the exemption.'" *Mintz*

19  *v. Nw. Mut. Life Ins. Co.*, No. 2:24-CV-05494-MRA-MAA, 2025 WL 1108230, at *1 (C.D.

20  Cal. Mar. 24, 2025).  In addition, "the user receiving the exemption must agree not to sell

21  the data obtained as a result, and must not transfer any data obtained as the result of a fee

22  exemption, unless expressly authorized by the court."  *Chima v. Perkins*, No. 25-CV-

23  06385-TSH, 2025 WL 2202521, at *1 (N.D. Cal. Aug. 1, 2025).  Accordingly, Plaintiffs

24  are "exempted from the payment of fees for access via PACER to the electronic case files

25  maintained in this Court, to the extent such use is incurred in the course *of this action only*."

26  *Raymong v. Cnty. of Kauai*, No. CV 15-00212 ACK-RLP, 2017 WL 11577365, at *1 (D.

27  Haw. Feb. 10, 2017) (emphasis added).  And "[b]y accepting this exemption, [Plaintiffs]

28  agree not to sell or transfer any data obtained as a result of receiving this exemption."  *Id.*

"This exemption is valid only until this action is terminated and may be revoked at the discretion of the Court at any time." *Id.* The Court further **DIRECTS** the Clerk's Office to email a copy of this Order to the PACER Service Center.

**IT IS SO ORDERED.**

Dated: February 4, 2026

Hon. Dana M. Sabraw
United States District Judge

3