Mitchell Taylor Button
Dusty Button
101 Ocean Sands Court
Myrtle Beach, S.C. 29579
832-360-7072
Worldofdusty@gmail.com

David K. Demergian, Esq. (CSBN 095008)
DEMERGIAN LAW
501 West Broadway, Suite 800
San Diego, California 92101-3546
Direct Telephone: 619-239-3015
Facsimile: 619-239-3029
david@demergianlaw.com

Attorney For Defendant
CRAIG LOPRESTI

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**-oo0oo-**

| | |
|---|---|
| MITCHELL TAYLOR BUTTON and DUSTY BUTTON,<br><br>Plaintiffs,<br><br>vs.<br><br>CRAIG LOPRESTI,<br><br>Defendant. | CASE NO. 3:25-cv-00867-DMS-BJW<br><br>JOINT DISCOVERY PLAN<br><br>Assigned to: Hon. Dana M. Sabraw<br>Courtroom: 13A<br>Magistrate Judge: Brian J. White<br><br>**CMC: 8-5-26 @ 9:30 a.m.**<br>**Courtroom: 5th Floor**<br>[FOLLOWIN[FollG[ ene |

On July 21, 2026 Plaintiffs MITCHELL TAYLOR BUTTON and DUSTY BUTTON and counsel for Defendant CRAIG LOPRESTI (hereinafter collectively "the parties") held a conference in accordance with F.R.Civ.Pro. 26(f), the Court's Notice and Order, and the Court's local and Chamber Rules. As a consequence of said conference, the parties respectfully submit the following Joint Discovery Plan pursuant to the Court's 6-1-26 Order (ECF 41, Page 3, Line 21).

During that conference, the parties discussed the matters required by said Rule 26(f), and the parties now submit their Joint Discovery Plan.

## STATEMENT OF THE CASE

*By Plaintiffs*:

Plaintiffs allege that Defendant Craig Lopresti publicly stated in an automotive Instagram thread that Plaintiffs were 'locked up for some f*cked up stuff.' Plaintiffs contend this was false because Plaintiffs were never arrested, charged, jailed, imprisoned, or criminally prosecuted, and the Nevada matter referenced by Defendant was civil, not criminal.

Plaintiffs contend the statement was made in an automotive-industry context where Plaintiffs' professional reputation, Button Built-related reputation, sponsor relationships, and prospective economic relationships mattered. Plaintiffs allege the statement caused fresh reputational and economic harm by reopening and escalating prior civil-litigation publicity into a new false criminal-incarceration accusation.

Plaintiffs do not agree with Defendant's characterization to the extent it suggests Plaintiffs' damages were caused only by prior civil litigation or prior publicity. Plaintiffs contend Defendant's January 2025 "locked up" statement caused fresh harm by falsely escalating civil-litigation publicity into a criminal-incarceration accusation in an automotive-industry audience relevant to Plaintiffs' sponsor relationships, professional reputation, and prospective economic relationships.

*By Defendant*:

Plaintiffs' amended complaint alleges that in July, 2021 Plaintiffs were sued in the Nevada District Court for $131,000,000.00. The allegations (of sexual impropriety), and the lawsuit's existence were "published in thousands of articles globally," "televised on news and media outlets such as Good Morning America" and "published on innumerable social media pages and channels".

In January, 2025, the amended complaint goes on to allege that, while the aforesaid civil case was still pending, Defendant LOPRESTI allegedly posted a comment to an instagram posting wondering what happened to "that guy" (Plaintiff) that he was "lol-locked up for some f*cked up stuff", and that it was a "shame they weren't

good people", alleging that same "caused further reputational harm" and disrupted "Plaintiffs' efforts to repair professional relationships". Plaintiffs go on to allege that such statements in January, 2025 ( 3½ years after the lawsuit was filed and as it continued, and still continues, to work its way through toward disposition) prevented Plaintiffs from "repairing their professional relationships.

Defendant's first F.R.Civ.P. 12(b)(1) Motion to Dismiss was decided by the Court on 12-31-25 wherein the Court dismissed Plaintiffs' complaint with leave to amend. ECF: 25, Page 8, Lines 14-17. Plaintiff's 2nd F.R.Civ.Pro 12(b)(1) was granted in part and denied in part[1]. ECF: 39.

## REQUIRED INFORMATION (PER ECF 41)

**A. Service**

All parties have been served and have appeared.

**B. Amendment of Pleadings**

No amendment of the pleadings by either party is anticipated, but each party reserves the right to seek leave for good cause for any such amendment if discovery reveals additional facts, parties, claims, or defenses.

**C. Protective Order**

Depending on the scope of discovery, the need for a Protective Order may arise with respect to information claimed to be confidential. Any such claim may be raised orally at deposition, or in writing in response to written discovery, with specific reference at the time of the objection as to why such information should be deemed confidential. The parties agree that confidential materials can be addressed through an appropriate protective order.

**D. Privilege**

The parties have discussed privilege and protection issues.

*Plaintiffs:*

---

[1] The Court denied Defendant's challenge to jurisdiction, but struck Plaintiffs' allegations that the statement "it's a shame they weren't good people" as a defamation theory. Plaintiffs contend the phrase remains relevant as context for meaning, identification, intent, malice, and audience reaction.

The parties discussed privilege and confidentiality issues. Plaintiffs anticipate that a standard protective order may be appropriate because discovery may include private social-media data, analytics, DMs, sponsor communications, financial/business records, damages materials, and confidential third-party communications.

Defendant stated during the meet and confer that confidential materials can be addressed through an appropriate protective order. The parties will meet and confer regarding the form of any proposed protective order.

The parties agree that privilege will be asserted as appropriate and that privilege logs will comply with the Federal Rules unless otherwise stipulated or ordered.

*Defendant:*

The parties do not anticipate any issues related to privileged materials, protective orders, or Rule 16(b) or 16(c) at this time. The parties agree that privilege will be asserted, as appropriate, during depositions and in response to written discovery and provide a privilege log when required. The parties agree that the privilege log shall include all information required by Rules 26(b)(5) and 34(b)(2)(C) of the Federal Rules of Civil Procedure.

**E. Evidence Preservation**

The parties have discussed issues related to the preservation of relevant evidence, and agree that no relevant evidence shall be destroyed pending determination hereof.

**F. Electronic Discovery**

In accordance with Rule 26(f)(3)(C) of the Federal Rules of Civil Procedure, the parties have discussed electronically stored information ("ESI"). As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of ESI, and to use their best efforts to produce ESI in the format preferred by the requesting party, including reasonable

requests for production of such information with metadata intact.

*Plaintiffs*:

The parties discussed ESI. Plaintiffs do not agree that there are no significant ESI issues. Plaintiffs contend ESI may be significant because discovery may involve Instagram comments, replies, likes, shares, saves, impressions, reach, unique viewers, thread views, profile visits, account or post analytics, DMs, screen shots, metadata, comment visibility, deletion or hiding of comments, blocking records, social-media exports, and third-party platform data.

Plaintiffs request that ESI be produced in a reasonably usable form that preserves context, dates, account names, thread relationships, and available metadata where appropriate. The parties agree to meet and confer in good faith regarding reasonable search terms, custodians, date ranges, platform exports, production format, metadata, redactions, privilege issues, and any third-party platform discovery that becomes necessary.

*Defendant*:

Defendant does not anticipate any significant issues related to ESI at this time. He has reviewed the ESI guidelines and has taken reasonable and proportionate steps to preserve relevant evidence.

**G. Discovery**

No discovery has been undertaken to date by either party.

The parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules and applicable case law. The parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations if necessary, and Plaintiffs do not agree to a five (5) deposition limit.

## RULE 26(f) DISCOVERY PLAN

**A. Rule 26(a) Disclosures [FRCP 26(f)(3)(A)]**

It is proposed that initial disclosures will be served pursuant to Rule

26(a)(1)(C) of the Federal Rules of Civil Procedure on, or before, October 29, 2026. The parties do not anticipate any changes to the timing, form or requirement for such disclosures.

**B. Anticipated Scope of Discovery [FRCP 26(f)(3)(B)]**

In accordance with Rule 26(f)(3)(B) of the Federal Rules of Civil Procedure, the parties agree that discovery will be conducted on the allegations and claims contained within Plaintiffs' First Amended Complaint and the denials and defenses raised by Defendant's Answer. The parties will not conduct discovery in phases, and discovery will not be limited to particular issues. The parties do not believe limited discovery would enable early settlement evaluation in the case.

The parties intend to propound written discovery in the form of interrogatories, requests for production and requests for admission as authorized by the Federal Rules of Civil Procedure. The parties do not anticipate exceeding the maximum number of interrogatories and requests for admission set forth in Local Rules 33.1 and 36.1. The parties do not anticipate seeking leave under F.R.Civ.Pro. 30(a)(2) to take more than 5 depositions in this case on each side.

*Plaintiffs:*

Plaintiffs anticipate seeking discovery regarding Defendant's source or basis for the 'locked up' statement, Defendant's communications about Plaintiffs, Defendant's knowledge of the civil nature of the Nevada case, social-media reach and visibility, deletion/blocking/comment visibility, third-party reactions and republication, sponsor and industry-contact communications, damages, project value, apportionment, Dusty Button's role in the Button/Button Built brand identity, and Defendant's affirmative defenses.

Plaintiffs' current witness categories may include Plaintiffs, Defendant, @trail.huntr/Hunter or the account operator, Instagram users/commenters, Toyo Tires contacts, sponsors/collaborators/automotive-industry contacts, people familiar with the Button/Button Built couple-brand identity, Meta/Instagram custodians, and

possible experts.

Plaintiffs' current document categories may include screen shots of the comments/thread, account and analytics evidence, proof Plaintiffs were never arrested/charged/jailed/imprisoned, proof the Nevada case was civil, sponsor/project communications, Toyo/Trail.Huntr evidence, Button Built project-value evidence, Dusty/Button Built crossover evidence, damages evidence, and mitigation/correction materials.

Plaintiffs do not contend that comment likes alone measure publication, reach, or harm. Relevant data may include impressions, reach, unique viewers, shares, saves, thread views, replies, profile visits, comment visibility, and account or post analytics.

*Defendant:*

Defendant will seek discovery in the form of Requests for Admission, Interrogatories, Requests for Production, Requests for Admission and Depositions in accordance with the F.R.Civ.Pro.

The general topics of such discovery will include, but not be limited to, any basis upon which Plaintiffs claim Defendant's statement to be malicious and the damages, if any, attributed to such statement.

**C. Electronically Stored Information [FRCP 26(f)(3)(C)]**

In accordance with Rule 26(f)(3)(C) of the Federal Rules of Civil; Procedure, the parties have discussed electronically stored information ("ESI"). As guiding principles, the parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of ESI, and to use their best efforts to produce ESI in the format preferred by the requesting party, including reasonable requests for production of such information with metadata intact.

*Plaintiff:*

The parties discussed ESI. Plaintiffs do not agree that there are no significant ESI issues. Plaintiffs contend ESI may be significant because discovery may involve

Instagram comments, replies, likes, shares, saves, impressions, reach, unique viewers, thread views, profile visits, account or post analytics, DMs, screen shots, metadata, comment visibility, deletion or hiding of comments, blocking records, social-media exports, and third-party platform data.

Plaintiffs request that ESI be produced in a reasonably usable form that preserves context, dates, account names, thread relationships, and available metadata where appropriate. The parties agree to meet and confer in good faith regarding reasonable search terms, custodians, date ranges, platform exports, production format, metadata, redactions, privilege issues, and any third-party platform discovery that becomes necessary.

*Defendant:*

Defendant does not anticipate any significant issues related to ESI at this time. The parties have reviewed the ESI guidelines and have taken reasonable and proportionate steps to preserve relevant evidence.

**D. Privilege Issues [FRCP 26(f)(3)(D)]**

*Plaintiff:*

The parties discussed privilege and confidentiality issues. Plaintiffs anticipate that a standard protective order may be appropriate because discovery may include private social-media data, analytics, DMs, sponsor communications, financial/business records, damages materials, and confidential third-party communications.

Defendant stated during the meet and confer that confidential materials can be addressed through an appropriate protective order. The parties will meet and confer regarding the form of any proposed protective order.

The parties agree that privilege will be asserted as appropriate and that privilege logs will comply with the Federal Rules unless otherwise stipulated or ordered.

*Defendant:*

In accordance with Rule 26(f)(3)(D) of the Federal Rules of Civil Procedure, the parties have discussed privilege and protection issues. The parties do not anticipate any issues related to privileged materials, protective orders, or Rule 16(b) or 16(c) at this time. The parties agree that privilege will be asserted, as appropriate, during depositions and in response to written discovery and provide a privilege log when required. The parties agree that the privilege log shall include all information required by Rules 26(b)(5) and 34(b)(2)(C) of the Federal Rules of Civil Procedure.

**E. Changes to Discovery Limitations [FRCP 26(f)(3)(E)]**

The parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules and applicable case law. The parties do, however, reserve the right to seek leave of Court to exceed these discovery limitations if necessary.

Plaintiffs do not agree to a 5-deposition limit.

**F. Other Discovery & Scheduling Orders [FRCP 26(f)(3)(f)]**

In accordance with Rule 26(f)(3)(F) of the Federal Rules of Civil Procedure, the parties have discussed the need for additional discovery or scheduling orders under Rules 26(e), 16(b) and 16(c). The parties do not currently request any other orders, though they may seek additional orders as discovery proceeds, and if the need arises.

## OTHER DISCOVERY ISSUES

**A. Expert Discovery**

The parties anticipate that expert witnesses may be required to evaluate issues of liability, causation and damages. Without having yet exchanged expert designations, or having investigated the grounds for their opinions, the parties agree that it is premature to determine whether any objections lie.

The parties reserve the right to designate experts, including possible experts regarding social-media analytics, reputation/damages, automotive project valuation,

sponsorship value, public figure status, causation, and apportionment. Plaintiffs do not yet know all expert needs because discovery has not begun.

**B. Motions**

The parties each reserve the right to timely file Motions for Summary Judgment or Partial Summary Judgment based upon information obtained, or theories developed, during the discovery process.

*Plaintiffs:*

Plaintiffs understand from the meet and confer that Defendant is not presently planning to file a motion to declare Plaintiffs vexatious litigants because Defendant stated he had not met the applicable standard. If Defendant later files such a motion despite that stated position, Plaintiffs reserve all rights to oppose the motion and to seek sanctions or other appropriate relief under Rule 11, 28 U.S.C. § 1927, the Local Rules, and/or the Court's inherent authority, as applicable.

Plaintiffs further understand Defendant is considering whether to seek leave to file an anti-SLAPP motion because the ordinary anti-SLAPP timing has passed. Plaintiffs reserve all rights, objections, and opposition to any anti-SLAPP motion, request for leave, dispositive motion, or request to stay discovery. Plaintiffs do not agree that any anticipated motion stays discovery, limits discovery, or alters the schedule unless the Court so orders.

*Defendant:*

At the present time, Defendant anticipates filing an Anti-SLAPP motion to strike Plaintiffs' First Amended Complaint, and, depending upon pending investigation, a Motion to declare Plaintiffs vexatious litigants.

**AT PLAINTIFFS' REQUEST**

**A. Limited Discovery/Settlement Evaluation**

Defendant does not believe limited discovery would enable meaningful early settlement evaluation.

Plaintiffs' position regarding limited discovery is set forth below.

**B. Related Cases**

*Plaintiffs:*

Plaintiffs understand Defendant is not presently identifying prior cases as related cases for purposes of the Joint Discovery Plan. Plaintiffs raised the issue during the meet and confer because Defendant previously filed materials concerning other cases. If Defendant later contends any prior case is related or relevant to a claim, defense, damages, public-figure status, apportionment, mitigation, or any other issue, Plaintiffs request that Defendant identify each specific case and the specific purpose for which Defendant contends it is relevant. Plaintiffs object to using unrelated dockets for character attacks or for the truth of disputed facts.

*Defendant:*

To the extent other cases in which Plaintiffs have participated are relevant and otherwise admissible, whether as impeachable statements made under oath, or otherwise, Defendant may seek to introduce them into evidence, to which it is assumed Plaintiffs will object. At the present time, Defendant does not anticipate offering any such evidence.

**PROPOSED SCHEDULE**

Subject, of course, to the Court's pleasure, the parities respectfully propose the following pertinent dateds

| Deadline | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Rule 26(a) Disclosure | 10-29-26 | 10-29-26 |
| Amendment of Pleadings | 12-14-29 | 10-29-26 |
| Completion of Fact Discovery | 3-31-27 | 12-29-26 |
| Motion Deadline | | 1-2-27 |
| Designation of Experts | 4-30-27 | 2-18-27 |
| Rebuttal Designation of Experts | 5-28-27 | 3-4-27 |
| Service of Expert Witness Reports | 6-30-27 | 3-31-27 |
| Service of Rebuttal Expert Reports | 7-28-27 | 4-7-27 |

| | | |
|---|---|---|
| Completion of Expert Witness Discovery | 8-31-27 | 8-9-27 |
| Last Day to File Pre-Trial Motions, Including *Daubert* Motions | 9-15-27 | 8-15-27 |
| Mandatory Settlement Conference | TBD | 8-15-27 |
| Deadline to File Motions *In Limine* | TBD | 10-19-27 |
| Pretrial Conference | TBD | 10-19-27 |
| Trial | TBD | 10-26-27 |
| | | |

## COMPLIANCE WITH ESI CHECKLIST

The parties have reviewed the checklist for Rule 26(f) Meet & Confer regarding ESI, which can be found on the Court's website, and have met and conferred fully regarding the preservation and discovery of ESI. Defendant does not anticipate any issues regarding ESI. Plaintiffs' ESI position is set forth above.

## RIGHT TO SUPPLEMENT

The parties respectfully reserve the right to amend, modify or supplement these subjects pending further discovery.

Respectfully submitted.

DATED: July 28, 2026

DEMERGIAN LAW

By: s/ David K. Demergian
David K. Demergian
Attorney for Defendant CRAIG LOPRESTI
Email: david@demergianlaw.co

DATED: 7/29/2026

DocuSigned by:
0AE3D433B5D94F1...
Mitchell Taylor Button

DATED: 7/29/2026

DocuSigned by:
0AE3D433B5D94F1...
Dusty Button